In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-06-275 CR


 ______________________


 

ROY ANTHONY STEWART, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 411th District Court


Polk County, Texas


Trial Cause No. 18260






MEMORANDUM OPINION
 Roy Anthony Stewart appeals his conviction for felony theft. Appellate counsel filed
a brief that concluded no arguable error is presented in this appeal. (1) We granted appellant
an extension of time in which to file a pro se response, and he filed a response brief raising
three appellate issues.

 In his first issue, Stewart argues that the trial judge should have been disqualified
because the judge acted as the prosecutor in one of Stewart's previous convictions, and
presided over another previous conviction. He argues that this issue may be raised for the
first time on appeal. In his second issue, he asserts that several jurors were biased and should
have been disqualified, and a juror favorable to the defense was erroneously excused based
on the juror's views concerning factual issues in the case. In issue three, Stewart argues trial
counsel was ineffective for failing to suppress evidence obtained without a warrant; failing
to prevent the State from mentioning his criminal past during voir dire; failing to disqualify
biased jurors; and failing to make more objections at trial. Stewart also appears to challenge
the factual sufficiency of the evidence supporting his conviction. 

 The Court of Criminal Appeals directs that the reviewing court not address the merits
of issues raised in Anders briefs or pro so responses. Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). An appellate court may determine either: (1) "that the appeal is
wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no
reversible error"; or (2) "that arguable grounds for appeal exist and remand the cause to the
trial court so that new counsel may be appointed to brief the issues." Id.

 We have determined this appeal is wholly frivolous. This Court has independently
examined the clerk's record and the reporter's record, and finds no arguable error. See id. 
Appointment of new counsel is not required. Compare Stafford v. State, 813 S.W.2d 503,
511 (Tex. Crim. App. 1991). Appellant is free to file a petition for discretionary review
raising error by this Court in the instant appeal. (2) See Bledsoe, 178 S.W.3d at 827. We affirm
the trial court's judgment.

 AFFIRMED. 

 

 DAVID GAULTNEY

 Justice


Submitted on June 19, 2007

Opinion Delivered September 12, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). 
2. However, while an appellant has a right to file a petition for discretionary review
with the Court of Criminal Appeals, review is not a matter of right. Bledsoe, 178 S.W.3d at
827 n.6 (citing Tex. R. App. P. 66.2; Tex. Const. art. V, §5(b)).